UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 21-1677-MCS (KS)                                        Date: October 13, 2021

Title      *Richard Prendez Jr. v. Superior Court of California County of Riverside*

Present: The Honorable    Karen L. Stevenson, United States Magistrate Judge

|                Gay Roberson                |              N/A              |
| :----------------------------------------: | :---------------------------: |
|                Deputy Clerk                |   Court Reporter / Recorder   |

Attorneys Present for Plaintiffs:            Attorneys Present for Defendants:

**Proceedings:  (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**

**I.      The Petition**

On September 30, 2021, Petitioner, a California state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (the "Petition"). (Dkt. No. 1.) According to the Petition and its attachments, Petitioner entered a guilty plea and was sentenced on August 7, 2015 in Riverside County Superior Court. (Petition at 1, 5.)[1] The Petition does not indicate the length of Petitioner's sentence. (*See generally* Petition.) Petitioner asserts a single ground for federal habeas relief: resentencing under California Penal Code § 1170(d)(1) ("§ 1170(d)(1)"). (*Id.* at 1.)

**II.     Petitioner's Prior Proceedings**

The attachments to the Petition indicate that Petitioner filed a Petition for Writ of Habeas Corpus in Riverside Superior Court on January 20, 2021. (Petition at 4.) The Petition was denied on February 3, 2021, on grounds that Petitioner failed to provide a factual or legal basis to support his claim for resentencing and his conviction arose from a guilty plea. (*Id.* at 5.)

On April 6, 2021, Petitioner filed a Motion for Modification of Sentence, Pursuant to California Penal Code §1170(d) in Riverside County Superior Court. (Petition at 7-8.) Petitioner subsequently appealed the denial of his motion to the California Court of Appeal, and the Court of Appeal dismissed the appeal on April 30, 2021. *See People v. Prendez*, No. E076932 (Cal. Ct.

---

[1]      For ease of reference, the Court cites to the page numbers assigned by the Court's Electronic Case Filing System.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    EDCV 21-1677-MCS (KS)                          Date: October 13, 2021

Title    _Richard Prendez Jr. v. Superior Court of California County of Riverside_

App. Apr. 30, 2021), *available at* https://appellatecases.courtinfo.ca.gov (last visited Oct. 12, 2021).[2]

On April 19, 2021, Petitioner filed a habeas petition with the California Supreme Court. (Petition at 2.)  The California Supreme Court denied the habeas petition on July 21, 2021 based on: (1) untimeliness; (2) failure to include copies of reasonably available documentary evidence; and (3) failure to allege sufficient facts with particularity.  *See People v. Prendez*, No. S268327 (Cal. S. Ct. Jul. 21, 2021), *available at* https://appellatecases.courtinfo.ca.gov (last visited Oct. 12, 2021).

Approximately two months later, on September 30, 2021, Petitioner filed the instant Petition.  (Dkt. No. 1.)

### III.    Habeas Rule 4

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"), requires the Court to dismiss a petition without ordering a responsive pleading where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Thus, Rule 4 reflects Congress's intent for the district courts to take an active role in summarily disposing of facially defective habeas petitions.  *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).  However, a district court's use of this summary dismissal power is not without limits.  *Id.* at 1128.

A habeas court must give a petitioner notice of the defect and the consequences for failing to correct it as well as an opportunity to respond to the argument for dismissal.  *Boyd*, 147 F.3d at 1128.  **Accordingly, for the reasons outlined below, the Court notifies Petitioner that the Petition is subject to dismissal because it raises a noncognizable claim and is facially untimely.  To discharge this Order and avoid dismissal, Petitioner, no later than November 12, 2021, must file a First Amended Petition that establishes that the Petition raises a cognizable claim, is timely, and/or that Petitioner is entitled to equitable tolling.**

---

[2]    Federal courts may take judicial notice of relevant state court records in federal habeas proceedings.  *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2001), *overruled on other grounds by Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Williams v. Jacquez*, No. CV 9-2703-DSF (DTB), 2010 WL 1329585, at *2 (C.D. Cal. Feb. 22, 2010) (taking judicial notice in § 2254 habeas case of California state court appellate records).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    EDCV 21-1677-MCS (KS)                    Date: October 13, 2021

Title    _Richard Prendez Jr. v. Superior Court of California County of Riverside_

**IV.    The Petition Fails to Assert a Cognizable Claim for Federal Habeas Relief**

Based on a review of the Petition, it appears that Petitioner's primary purpose in bringing the Petition is to attack the state courts' determination that Petitioner was ineligible for resentencing pursuant to § 1170(d)(1). (*See generally* Petition.) Petitioner may only seek federal habeas relief from a state court conviction or sentence if he is contending that he is in custody in violation of the Constitution or laws or treaties of the United States. *See* 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("federal habeas corpus relief does not lie for errors of state law[;] a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States") (internal quotation marks and citations omitted). As such, relief is unavailable for errors in the interpretation or application of state law, which generally includes state sentencing issues. *Estelle*, 502 U.S. at 67-68; *Sturm v. California Adult Authority*, 395 F.2d 446, 448 (9th Cir. 1967) ("a state court's interpretation of its [sentencing] statute does not raise a federal question.").

Here, Petitioner does not assert a federal basis for his claim, nor that the California state courts' denial of his request for resentencing was a violation of a right secured by the United States Constitution. *See Mills v. Marsh*, No. CV 19-5237-DDP (MAA), 2020 WL 1180433, at *3 (C.D. Cal. Jan. 9, 2020), *report and recommendation adopted*, 2020 WL 5202073 (C.D. Cal. Sept. 1, 2020). Petitioner's entitlement to resentencing is a state law matter, and as such, is not a cognizable claim for federal habeas relief. *See id.* (holding that petitioner's claim seeking resentencing pursuant to § 1170(d)(1) did not present a cognizable federal habeas corpus claim); *see also Nichols v. Pfeiffer*, No. CV 19-6356-DSF (JC), 2019 WL 4014429, at *7 (C.D. Cal. Aug. 26, 2019) (finding that resentencing claim grounded on § 1170(d)(1) was noncognizable); *Housh v. Rackley*, No. CV 17-4222-HSG (PR), 2019 WL 1117530, at *2 (N.D. Cal. Mar. 11, 2019) (finding that petitioner's filing of motion for recall of sentence under § 1170(d)(1) did not present cognizable federal claim). This Court is bound by, and may not revisit, state court interpretations of state law, including the state courts' determination here that Plaintiff was ineligible for resentencing under § 1170(d)(1). *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2006) (*per curiam*). Accordingly, Petitioner is not entitled to federal habeas relief on his resentencing claim.

/ /
/ /
/ /
/ /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    EDCV 21-1677-MCS (KS)                           Date: October 13, 2021

Title      _Richard Prendez Jr. v. Superior Court of California County of Riverside_

## V.    The Petition is Facially Untimely

Even if Petitioner establishes that his claim is cognizable, the Petition will remain subject to summary dismissal because it is patently untimely. The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which governs this action, establishes a one-year statute of limitations for state prisoners to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). The "statutory purpose" of the one-year limitations period is to "encourag[e] prompt filings in federal court in order to protect the federal system from being forced to hear stale claims." _Carey v. Saffold_, 536 U.S. 214, 226 (2002). The one-year limitations period is subject to a statutory tolling provision, which suspends it for the time during which a "properly-filed" application for post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); _Patterson v. Stewart_, 251 F.3d 1243, 1247 (9th Cir. 2001). Additionally, in certain "extraordinary circumstances" beyond a prisoner's control, equitable tolling may be available to toll the one-year limitations period. _See Holland v. Florida_, 560 U.S. 631, 645-49 (2010).

The section 2244(d)(1) limitations period is triggered and begins to run from the latest of:

(A) the date on which the underlying judgment became final through either the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which any impediment to the filing of a federal petition created by unconstitutional state action is removed;
(C) the date on which a newly recognized and retroactively applicable constitutional right was first recognized by the United States Supreme Court; or
(D) the date on which the factual predicate underlying a claim could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

In most cases, a state prisoner's limitations period will be governed by section 2244(d)(1)(A). _See Dodd v. United States_, 545 U.S. 353, 357 (2005). Here, Petitioner has not asserted that an alternative commencement date applies under section 2244(d)(1).

According to the Petition, Petitioner was sentenced on August 7, 2015, more than six years ago. (Petition at 1.) Because he was sentenced pursuant to a guilty plea, he filed no appeal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    EDCV 21-1677-MCS (KS)                              Date: October 13, 2021

Title    _Richard Prendez Jr. v. Superior Court of California County of Riverside_

Petitioner's sentence became final on or about November 5, 2015.  Petitioner did not file any habeas petitions in state court until January 2021, more than four years after the AEDPA statute of limitations was triggered.  (_Id._ at 4; _see also People v. Prendez_, No. C093337 (Cal. Ct. App. Jan. 11, 2021), _available at_ https://appellatecases.courtinfo.ca.gov (last visited Oct. 12, 2021).)

Moreover, it appears that Petitioner is not entitled to statutory tolling.  As noted above, Petitioner waited to file his first state habeas petition until four years after his 2015 conviction became final; thus, his first state petition was filed _after_ AEDPA's one-year statute of limitations had lapsed.  _See Laws v. Lamarque_, 351 F.3d 919, 922 (9th Cir. 2003) ("because [petitioner] did not file his first state petition until after his eligibility for federal habeas had already lapsed, statutory tolling cannot save his claim"); _Ferguson v. Palmateer_, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed.").

Further, Petitioner does not allege, nor does the Petition suggest, that Petitioner is entitled to equitable tolling.  (_See generally_ Petition.)  Petitioner has not alleged any extraordinary circumstances that prevented him from timely filing this action nor has he established diligence in pursuing his rights.  _See Holland_, 560 U.S. at 645 (a habeas petitioner is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some _extraordinary circumstance_ stood in his way and prevented timely filing") (emphasis added) (internal quotation marks and citation omitted).  Therefore, Petitioner has not demonstrated that he is entitled to any period of equitable tolling.

Accordingly, the Petition is untimely by at least four years—rendering the Petition subject to dismissal under Habeas Rule 4.

**VI.    Conclusion and Order**

In sum, it is apparent from the Petition and available state court records that Petitioner is not entitled to relief because: (1) Petitioner's claim for relief is not cognizable to the extent it challenges the state courts' decision concerning his § 1170(d)(1) motion; and (2) the Petition is untimely insofar as it attacks Petitioner's 2015 conviction.  _See_ Habeas Rule 4.  Both these reasons warrant summary dismissal under Habeas Rule 4.  Nevertheless, in the interests of justice, the Court grants Petitioner the opportunity to correct these defects by filing a First Amended Petition

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    EDCV 21-1677-MCS (KS)                          Date: October 13, 2021

Title        *Richard Prendez Jr. v. Superior Court of California County of Riverside*

that establishes that the Petition: (1) asserts a cognizable claim for relief; and (2) is timely and/or that Petitioner is entitled to equitable tolling.

**IT IS THEREFORE ORDERED** that, to discharge this Order and avoid dismissal, Petitioner, no later than November 12, 2021, shall file a First Amended Petition that does <u>all</u> of the following:

   (1) **Clearly identifies the state court judgment or proceeding that Petitioner is challenging;**
   (2) **Asserts claims solely arising under "the Constitution, laws, or treaties of the United States";**
   (3) **Clearly identifies the date on which the statute of limitations began to run on Petitioner's claim;[3]**
   (4) **Establishes that the Petition is timely and/or that Petitioner diligently pursued the instant habeas claim but extraordinary circumstances beyond his control prevented Petitioner from filing the Petition for many years.**

Alternatively, Petitioner may file a signed document entitled "Notice of Voluntary Dismissal" if he no longer wishes to proceed with this action.

The Clerk is directed to send Petitioner a copy of the Central District's form habeas petition.

   **IT IS SO ORDERED**.

                                                          :
                                        **Initials of Preparer**    gr

---

[3]      This date is either the date of AEDPA's implementation (April 1996) or one of the following:  (A) the date on which the conviction being attacked became final; (B) the date on which any impediment to the filing of a federal petition created by unconstitutional state action was removed; (C) the date on which a newly recognized and retroactively applicable constitutional right was first recognized by the United States Supreme Court; or (D) the date on which the factual predicate underlying a claim <u>could have been discovered</u> through the exercise of due diligence.